IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Booth, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>Sheriff Chuck Wright; Major Leso; )<br>Sgt. K. Ashley; First Sgt. Pickle; Cpl. )<br>Esopa; Christopher Runyon, )<br>)<br>)<br>        Defendants. )<br>_____ ) | Civil Action No. 0:23-cv-4359-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Joseph Booth's ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

On May 10, 2024, the Magistrate Judge issued an order directing Plaintiff to show cause for the failure to effect service on Defendants in a timely manner or to provide proof of service as to Defendants. (ECF No. 36.) The order was mailed to Plaintiff at the address at the Spartanburg County Detention Center that was provided by Plaintiff when this action was filed; however, the order was returned as undeliverable. (ECF No. 39.)

On June 18, 2024, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and explaining that Plaintiff failed to keep the Clerk advised of Plaintiff's correct address despite specific instructions to do so. (*See* ECF No. 18, which was not returned to the Clerk as undeliverable; *see also* ECF No. 40.) Accordingly, the Magistrate Judge recommended that the Court dismiss this action without prejudice based on Plaintiff's lack of prosecution and failure to comply with the Court's order. (ECF No. 40.)

On July 8, 2024, the Magistrate Judge's Report was returned to the Court as undeliverable. (ECF No. 42.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, it is plain to see that Plaintiff has failed to keep the Clerk advised of a proper address, and the Court agrees with the Magistrate Judge's analysis regarding Plaintiff's failure to prosecute this action and failure to comply with the Court's orders. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 40) and hereby dismisses this action without prejudice for failure to prosecute and failure to comply with a Court order.** *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989),

*cert. denied sub nom, Ballard v. Volunteers of Am.*, 493 U.S. 1084 (1990).

    **IT IS SO ORDERED.**

s/Bruce H. Hendricks  
United States District Judge

July 25, 2024  
Charleston, South Carolina